IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHERYL R. MAYES,                            Case No. 3:13-cv-00181-MA

        Plaintiff,                   OPINION AND ORDER

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

JAMES S. COON
820 S.W. Second Avenue, Suite 200
Portland, OR 97204

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
District of Oregon
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

HEATHER L. GRIFFITH
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900, M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Cheryl R. Mayes seeks judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C §§ 401-434. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons that follow, this court reverses the decision of the Commissioner, and remands the case for an immediate award of benefits.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for Disability Insurance Benefits (DIB) on October 22, 2007, alleging a disability onset date of October 12, 2007. Plaintiff's claim was denied initially and on reconsideration. Plaintiff filed a request for a hearing before an administrative law judge (ALJ). An ALJ held a hearing on July 27, 2009, at which plaintiff appeared with her attorney and testified. A vocational expert, Diane Weber, also appeared and testified. On July 31, 2009, the ALJ issued an unfavorable decision. The Appeals Council accepted plaintiff's request for review, and reversed and remanded the claim for further consideration, including re-evaluation of the opinion of plaintiff's treating physician Nicholas Gideonse, M.D.

An ALJ held two additional hearings on May 3, 2011 and December 4, 2011, at which plaintiff appeared with her attorney and testified, as did two vocational experts. On December 22, 2011,

2 - OPINION AND ORDER

the ALJ issued another unfavorable decision. The Appeals Council denied plaintiff's request for review, and the ALJ's December 22, 2011 decision therefore became the final decision of the Commissioner for purposes of review.

Plaintiff was 39 years old on her alleged onset date, and 44 years old at the time of the 2011 hearing. Plaintiff has a high school education and a steady work history, with past relevant work as a receptionist, customer service representative, and bartender. Plaintiff alleges disability due to degenerative disc disease, status post laminectomy L5-S1, and depression.

## THE ALJ'S DISABILITY ANALYSIS

The ALJ concluded that plaintiff met the insured status requirements of the Social Security Act through December 31, 2011. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since her alleged onset of disability. At step two, the ALJ found that plaintiff had the following severe impairments: chronic back pain post laminectomy with post-laminectomy syndrome, depression, somatoform disorder, and borderline personality disorder. At step three, the ALJ found that plaintiff's impairments, or combination of impairments did not meet or medically equal a listed impairment.

The ALJ assessed plaintiff with a residual functional capacity (RFC) to perform a limited range of sedentary work with several non-exertional limitations. At step four, the ALJ found plaintiff

3 - OPINION AND ORDER

unable to perform any past relevant work. At step five, the ALJ concluded that considering plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that plaintiff can perform. Accordingly, the ALJ concluded that plaintiff is not disabled under the meaning of the Act.

## ISSUE ON REVIEW

Plaintiff contends that the ALJ failed to properly evaluate the opinion of her treating physician, Dr. Gideonse, and that when his opinion is fully credited, she is disabled and entitled to an immediate award of benefits. The Commissioner concedes that the ALJ erred in evaluating Dr. Gideonse's opinion, but maintains that his opinion should not be credited as true, and that a remand for further proceedings is warranted. Thus, the sole issue before me is whether I must remand this case for an immediate payment of benefits or for further administrative proceedings.

## DISCUSSION

I. **Credit As True**

A. **Standards**

After finding the ALJ erred, this court has the discretion to remand for further proceedings or for an immediate payment of benefits. Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009); Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). The Ninth Circuit has established a three-part test for determining when

evidence should be credited and an immediate award of benefits directed. Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011); Harman, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178; Benecke v. Barnhart, 379 F.3d 573, 593 (9th Cir. 2004).

The issue turns on the utility of further proceedings. See, e.g., Brewes v. Comm Soc. Sec. Admin., 682 F.3d 1157, 1164 (9th Cir. 2012); Benecke, 379 F.3d at 593. Remanding for further administrative proceedings may be appropriate if further enhancement of the record is useful. Benecke, 379 F.3d at 593. However, "where the record has been fully developed and where further administrative proceedings would serve no useful purpose," the district court should remand for an immediate payment of benefits. Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

   B.  **Dr. Gideonse's opinion.**

The Commissioner concedes that the ALJ erred in evaluating the opinions of Dr. Gideonse. Dr. Gideonse and Emily Jacobsen, P.A., a physician assistant, began treating plaintiff in December of 2007. Plaintiff established care with Ms. Jacobsen after plaintiff was terminated from her previous job due to excessive absences and

evidence should be credited and an immediate award of benefits directed. Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011); Harman, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178; Benecke v. Barnhart, 379 F.3d 573, 593 (9th Cir. 2004).

The issue turns on the utility of further proceedings. See, e.g., Brewes v. Comm Soc. Sec. Admin., 682 F.3d 1157, 1164 (9th Cir. 2012); Benecke, 379 F.3d at 593. Remanding for further administrative proceedings may be appropriate if further enhancement of the record is useful. Benecke, 379 F.3d at 593. However, "where the record has been fully developed and where further administrative proceedings would serve no useful purpose," the district court should remand for an immediate payment of benefits. Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

   B.  **Dr. Gideonse's opinion.**

The Commissioner concedes that the ALJ erred in evaluating the opinions of Dr. Gideonse. Dr. Gideonse and Emily Jacobsen, P.A., a physician assistant, began treating plaintiff in December of 2007. Plaintiff established care with Ms. Jacobsen after plaintiff was terminated from her previous job due to excessive absences and

5 - OPINION AND ORDER

exhausting her Family Medical Leave Act leave, and consequently losing her insurance coverage with her previous treating physician. Plaintiff's primary diagnoses included degenerative disc disease and depression.

In a July 9, 2009 opinion, Dr. Gideonse and Ms. Jacobsen opined that plaintiff met the requirements of Listing 1.04, disorders of the spine. Tr. 492. Additionally, Dr. Gideonse opined that plaintiff had the following limitations: she could stand or walk for 45 minutes at one time, for a total of three hours in an eight hour day; she could sit for 45 minutes at one time before needing to stretch, for a total of three hours in an eight hour day; she could occasionally lift 10 pounds, frequently carry no weight, and could never stoop, bend or crouch. Tr. 493-95. Dr. Gideonse also opined that plaintiff's concentration, persistence, and pace would be moderately limited by her depression, and that plaintiff may experience some mental slowing due to her medications. The limitations described by Dr. Gideonse limit plaintiff to less than eight hours of work each day, and if credited, plaintiff would be unable to perform sedentary work. 20 C.F.R. § 404.1567(a); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1103 (9th Cir. 1999)(finding that "sedentary work" requires the ability to sit through most or all of an eight hour day). Additionally, Dr. Gideonse opined that plaintiff would miss more than two days of work in each month because of her limitations. Vocational Expert

6 - OPINION AND ORDER

Diane Weber testified at the July 27, 2009 hearing that two absences or more each month would render plaintiff unable to sustain competitive employment. Tr. 99.

In an April 20, 2011 letter, Dr. Gideonse, who remains plaintiff's treating physician, opined that plaintiff continues to meet the definition of Listing 1.04. Tr. 568-69. Moreover, Dr. Gideonse opined that plaintiff continues to have the same functional limitations as described in his February 2009 opinion, and that plaintiff would miss more than two days a month from even a simple, routine, sedentary job due to her limitations. Tr. 570-71. Vocational Expert Paul Morrison testified at the December 14, 2011 hearing that an employee who has two or more absences each month is unable to sustain competitive employment in any capacity. Tr. 99.

In the December 22, 2011 decision, the ALJ gave Dr. Gideonse's opinion "some weight" because the functional limitations he described were "consistent with the medical evidence of record" and the ALJ limited plaintiff to less than a full range of sedentary work in the RFC. Tr. 33. The ALJ disagreed with Dr. Gideonse's opinion that plaintiff met Listing 1.04 because:

> the treatment records do not contain any objective documentation of a compromise of a nerve root.[1] An MRI of the claimant's

---

[1] I note that in the December 22, 2011 decision, the ALJ did not discuss a May 5, 2004 CT lumbar spine scan which showed an L5-S1 disc extrusion likely impinging bilaterally on the S1 nerve

7 - OPINION AND ORDER

> lumbosacral spine on October 13, 2007, revealed that there was no evidence of recurrent disc protrusion with significant impingement of the thecal sac or exiting nerve root. Id.

The Commissioner concedes that the ALJ erred in evaluating Dr. Gideonse's opinion, but contends that outstanding issues must be addressed before an award of benefits can be made. The Commissioner argues that because the ALJ based the nondisability determination on other evidence in the record that plaintiff does challenge, the case should be remanded for further evaluation. I disagree for two reasons.

First, I reject the Commissioner's argument that because the ALJ gave "great weight" to examining psychologist Ronald Duvall, Ph.D., and only "some weight" to Dr. Gideonse's opinion, a remand to resolve their allegedly conflicting opinions is necessary. Dr. Duvall conducted a one-time psychological examination of plaintiff, with intelligence testing and an MMPI-2. Dr. Duvall concluded that plaintiff's MMPI-2 score was technically valid, but her elevated F-scale means that she may present symptoms to her physicians that could be seen as exaggerated, and he diagnosed plaintiff with a

---

roots. Tr. 398, 426. See also Tr. 429 (a June 5, 2003 CT scan report showing a large disc protrusion resulting in 60 percent compression of the left side AP diameter of the thecal sac and significant displacement and compression of the left S1 nerve root in the left lateral recess). Plaintiff underwent a hemilaminectomy on October 21, 2004 to obtain relief, but that surgery was unsuccessful, resulting in her post-laminectomy syndrome diagnosis. Tr. 387, 420. I also note that the record does not contain a post-surgical CT scan.

8 - OPINION AND ORDER

Somatofrom disorder. Tr. 578, 580. According to the Commissioner, Dr. Duvall's opinion provides a basis for undermining Dr. Gideonse's opinion because plaintiff may have overstated her symptoms to Dr. Gideonse.

Even if Dr. Duvall's opinion could be seen as contradicting Dr. Gideonse's opinion, the ALJ did not cite Dr. Duvall's allegedly conflicting opinion as a basis for discounting Dr. Gideonse's opinion. More importantly, the ALJ did not cite plaintiff's negative credibility assessment or her subjective symptoms as a basis for discounting Dr. Gideonse's opinion. I also note that Dr. Gideonse and Ms. Jacobsen's treatment notes do not reflect that they believed plaintiff exaggerated her symptoms. Accordingly, I reject the Commissioner's *post hoc* rationale and conclude that Dr. Duvall's opinion does not create an outstanding issue requiring further resolution or record development. <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003).

Second, I am not persuaded by the Commissioner's argument that plaintiff's unchallenged credibility determination prevents an immediate award of benefits. According to the Commissioner, plaintiff described "extensive activities" and that the ALJ's negative credibility assessment is supported by substantial evidence. For example, the Commissioner cites plaintiff's ability to walk two miles around a golf course, her search for part-time work, and her past illegal drug use as supporting the ALJ's

9 - OPINION AND ORDER

adverse credibility determination. The Commissioner appears to suggest that the ALJ's erroneous evaluation of Dr. Gideonse's opinion is harmless in light of the ALJ's unchallenged credibility determination and the evidence in the record as a whole.

Having carefully reviewed the entire record, I conclude the ALJ's credibility assessment is flawed at best. Indeed, none of plaintiff's physical activities about which the Commissioner complains exceed the functional limitations described by Dr. Gideonse. There is no evidence in the record establishing that plaintiff walks for more than 45 minutes at a time or for more than three hours total in a day. Additionally, plaintiff testified that she attempted to find part-time work, but was unable to find such work that did not exceed her physical capacities. Tr. 90. It is well-settled that an unsuccessful work attempt is not a clear and convincing reason for discrediting a claimant. Lingenfelter v. Astrue, 504 F.3d 1028, 1038-39 (9th Cir. 2007). Moreover, the evidence in the record is undisputed that plaintiff has been clean and sober for over 15 years, and the Commissioner fails to cite a single instance of drug-seeking behavior or a current abuse problem, and the record does not reveal such behavior. Finally, it bears repeating that the ALJ did not discount Dr. Gideonse's opinion based on the negative credibility assessment. Clearly, on the record before me, the unchallenged credibility assessment presents no outstanding issue requiring resolution. See Strauss,

635 F.3d at 1138 (determining that a claimant is only entitled to benefits under the Act if the claimant is, in fact, disabled, no matter how egregious an ALJ's errors).

In short, Dr. Gideonse opined that plaintiff has functional limitations that prevent her from working eight hours a day, and that she would be absent from work at least two days a month. When Dr. Gideonse's opinion is fully credited, it establishes that plaintiff is incapable of sustaining competitive employment. Because there are no outstanding issues that must be resolved and it is clear from the record that plaintiff is entitled to disability benefits, I reverse the ALJ's decision and remand for an immediate payment of benefits. Brewes, 682 F.3d at 1164-65.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED, and this case is REMANDED for an immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this  11  day of MARCH, 2014.

/s/ Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge

11 - OPINION AND ORDER